## EUGENE B. PHILLIPS

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed February 17, 1905.*

1. WATERS—*degree of care required by collector of artificially collected waters.* The weight of authority seems to sustain the proposition that the collector of artificially collected waters, as in the case of the owners of wild and dangerous animals, must retain them in his control at his peril, and is liable for damages done by them if they escape, whether negligent or not, except it happen by the Act of God.

2. RESPONDEAT SUPERIOR—*when doctrine does not apply.* The doctrine that the State is not liable for the negligence of its officers, does not apply to the officers in charge of the Illinois and Michigan canal.

This is a claim made by Eugene B. Phillips against the State for damages growing out of the flooding of his lands by waters from the Illinois and Michigan canal. The case is submitted on the evidence introduced by the claimant only. Claimant in 1902 was farming a rented farm in La Salle county, adjacent to said canal. In July of that year the banks of the canal broke and permitted the waters of the canal to escape upon claimant's said lands and destroy or injure about forty acres of his crops. It is not absolutely certain from the evidence just what caused the break in the bank, but the evidence tends to prove that the break was due to holes

made in the bank by musk-rats; and that claimant had given timely notice to the canal authorities of such burrowings. There is great contrariety of judicial opinion as to the degree of care required by the collector of artificially collected waters, in reservoirs and canals, to retain them in control. One class of cases holding to the doctrine that the collector of such waters, as in the case of the owners of wild and dangerous animals, must retain them in his control at his peril, and is liable for damages done by them if they escape, whether negligent or not, except it happen by the Act of God, etc. The other sustains the doctrine that before such liability attaches, such collector of waters must be chargeable with negligence. The courts of our State seem inclined to the former position; *Kankakee Water Co.* v. *Reeves,* 45 Ill. App., 285, and we incline to the same view. We deem it unnecessary, however, in view of the evidence in this case, to decide between the two lines of authority; deeming the uncontradicted evidence sufficient to sustain a judgment, even on the latter theory; if not defeated on other grounds.

Practically the only defense urged by the State's counsel is the proposition that the State is not liable for the negligence of its officers. We fail to concur in the views of State's counsel on this proposition as applied to the officers in charge of the Illinois and Michigan canal and have decided adversely to that contention in the case of Holmes v. The State: supra, the opinion in which case we file on this date, and which fully expresses our views on the question. The principles announced in that case, being decisive of this, we feel constrained to make an award in claimant's favor. The claim is made for damages in the amount of $600; and claimant and his witnesses testifying in a general way, estimate the damage done, at from $500 to $600; but this estimate is not only very general in its nature but is also on the basis of a full harvested crop and at the highest market values. Estimating the damages in detail from the somewhat insufficient data furnished, we think $10.00 per acre

or $400.00 for the total acreage destroyed and damaged, would fairly cover claimant's damages. We, therefore, accordingly award claimant, Eugene B. Phillips, the sum of four hundred dollars ($400.00) as damages for his loss, growing out of the matter in the above entitled suit complained of.